UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
Cristian D. Cortez,

                Plaintiff,

  -against-

Foster & Garbus, LLP,

                Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 17-cv-06501 (FB)(RLM)

*Appearances*:
*For the Plaintiff*:
DAVID M. BARSHAY, ESQ.
100 Garden City Plaza
Suite 500
Garden City, New York 11530

*For the Defendant*:
ROBERT L. ARLEO, ESQ.
380 Lexington Avenue, 17th Floor
New York, New York 10168

**BLOCK, Senior District Judge:**

    Cristian D. Cortez brings this action against Foster & Garbus, LLP, a debt collector, seeking damages for violations of the Fair Debt Collection Practices Act ("the FDCPA"). The defendant moves for summary judgment. For the following reasons, the defendant's motion is denied, and the Court enters summary judgment in favor of the plaintiff on the issue of liability.

**I.**

    Plaintiff incurred a debt to Discover Bank, which retained the defendant to collect the debt. The defendant mailed the plaintiff several debt collection notices

1

setting forth reduced-rate settlement offers. The specific notice challenged in the complaint is dated February 2, 2017. That notice set forth three options for how the plaintiff could pay off his debt, which at the time totaled $13,457.65. The notice stated, in part:

> This office has been authorized to advise you that a settlement of the above account can be arranged. You are being offered a substantial discount off the current balance due. You may choose one of the three payment options as follows:
>
> A. One payment of $5,383.06, which we shall expect by February 24, 2017.
>
> B. Two payments of $3,364.42 each, totaling $6,728.84[,] which we shall expect by February 24, 2017, and March 24, 2017.
>
> C. Three payments of $2,691.53 each, totaling $8,074.59, which we shall expect by February 24, 2017, March 24, 2017, and April 24, 2017.

Dkt No. 1, Ex. 1. Though the notice did not explicitly say so, if the plaintiff had paid those amounts by the specified dates, the debt would not accrue interest or fees. The notice also did not mention that if the plaintiff did not make a payment by February 24, 2017, the debt would start accruing interest and/or fees. Subsequent similar notices reflected higher "balance due" amounts and offering settlements for higher amounts. The plaintiff filed his complaint on November 8, 2017, claiming that the February 2, 2017, notice violated the FDCPA because it failed to inform consumers about the potential interest and/or fees.

## II.

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That includes "the false representation of the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). The FDCPA is a consumer protection statute and, therefore, courts must construe it broadly. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 75 (2d Cir. 2016).

"[I]n considering whether a collection notice violates Section 1692e, [courts] apply the 'least sophisticated consumer' standard," meaning that they "ask how the least sophisticated consumer would understand the collection notice." *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). That means that a collection notice is misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Avila*, 817 F.3d at 75 (quoting *Clomon*, 988 F.2d at 1319).

In *Avila*, the Second Circuit held that "the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees," where applicable. 817 F.3d at 76. There, the debt collection notice failed to inform consumers that the "current balance" was still accruing interest daily and incurring late fees. *Id.* Therefore, when consumers paid the "current balance," they likely unknowingly failed to pay the debt in full. *Id.* The

court also noted that a debt collection notice does not violate the FDCPA if it "clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specific date." *Id.* at 77. It then stated:

> a debt collector who is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date could considerably simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date.

*Id.*

Shortly after deciding *Avila*, the Second Circuit stated in *Taylor* that a debt collection notice need not inform consumers that their debt is *not* accruing interest. *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212, 215 (2d Cir. 2018). The court explained that, while the lack of a warning about interest "was prejudicially misleading on the facts of *Avila*, on the facts [in *Taylor*] it was accurate: prompt payment of the amounts stated in [the plaintiffs'] notices *would* have satisfied their debts." *Id.* at 214. Because "the only harm that [the plaintiffs] might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later," the failure to notify consumers that their debts were not accruing interest or fees did not violate the FDCPA. *Id.*

4

Here, the defendant's debt collection notice violated Section 1692e because it failed to advise consumers that their debt was still accruing interest and/or fees. Like the debt collection notice in *Avila*, the notice here fails to warn consumers that they may fail to pay their debt in full, even if they pay the amount provided in the notice, if they do not make the payment by the specified date. Though the additional interest and/or fees do not start accruing again until after a specific date that is several weeks after the notice is sent and by which the defendant states that it "expect[s]" payment, the lack of a warning of additional interest still puts the consumer at risk of owing additional money without clear warning.

True, consumers would fully satisfy their debt if they pay the amount set forth in the notice by the date specified therein, which seems to fulfill *Avila*'s statement that "a debt collector will not be subject to liability . . . [if the notice] states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." 817 F.3d at 77. But read in its entirety, *Avila* requires more than that. First, *Avila* explicitly states multiple times that the defendants' liability flowed from their failure to disclose that additional fees and interest would accrue. *See* 817 F.3d at 74, 76. Second, shortly after *Avila* states that debt collectors can avoid liability by informing consumers that payment by a specific date will satisfy the debt in full, it then undercuts that idea by noting that such a debt collector could improve consumers' understanding by also advising that

5

the amount would increase due to fees or interest. *See id.* at 77. That steps could be taken to simplify consumers' understanding demonstrates that the least sophisticated consumer could be confused without such an explanation. Third, reading *Avila* to mean that a debt collector could avoid liability simply by saying that a consumer could satisfy their debt by paying an amount by a specific date, without needing to advise the consumers that interest will accrue after the specified date, would violate the least sophisticated consumer standard—it is possible to interpret that statement as implying *either* that interest and/or fees would accrue after that date *or* that the balance will stay the same after that date. Accordingly, the defendant violated *Avila* by not also advising consumers that interest could continue to accrue.

In addition, it is debatable whether the collection notice "clearly state[d] that [the defendant would] accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specific date." *Avila*, 817 F.3d at 77. Though the notice stated that the consumer may select one of three settlement options, including one lump sum payment "which [the defendant] shall expect by" the relevant date— and in fact that one payment *would* have satisfied the debt in full—the notice does not state explicitly that the debt will be discharged *fully* upon receipt of that payment.[1]

---

[1] The Court, however, is hesitant to require debt collectors to state explicitly that payment will satisfy consumers' debt in full, as such a requirement would run afoul

6

The defendant argues that the least sophisticated consumer would be able to glean that interest and/or fees were still accruing because—looking at the successive notices together—the total amount owed increased with each monthly notice. That argument fails because the defendant has cited no case, and the Court has found none, supporting the proposition that the least sophisticated consumer should be expected to consider the notices as a group. Further, that reasoning could not apply to the initial notice that the plaintiff received, as a consumer reading that first notice would have no way of knowing that subsequent notices would have higher balances.

### III.

For the above reasons, the Court denies the defendant's motion for summary judgment. Further, because there are no genuine issues of material fact and the defendant has had "adequate opportunity to develop and present its case," *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000), the Court sua sponte enters summary judgment on the issue of liability in favor of the plaintiff.

**IT IS SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

June 12, 2019
Brooklyn, New York

---

of *Taylor* by requiring them to state that there would be no additional payments required.

7