UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
CRISTIAN D. CORTEZ,

               Plaintiff,

     -against-

FORSTER & GARBUS, LLP,

               Defendant.

-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 17-cv-06501 (FB) (RLM)

Appearances:

*For the Plaintiff*:
DAVID M. BARSHAY
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530

*For the Defendant*:
ROBERT L. ARLEO
Robert L. Arleo, Esq.
380 Lexington Avenue
New York, NY 10168

**BLOCK, Senior District Judge:**

Defendant Forster & Garbus, LLP ("Defendant") moves for reconsideration of this Court's Memorandum & Order ("Order") granting summary judgment in favor of Plaintiff Cristian D. Cortez ("Plaintiff") on claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, *et seq* ("FDCPA")*. See* Dkt. 28. In relevant part, the Order held that a debt-collection notice Defendant mailed to Plaintiff in February 2017 ("Notice") "failed to advise" Plaintiff whether his "debt was still accruing interest and/or fees" and so amounted to a "false" or "misleading representation[]" of the "character, amount, or legal status of [the] debt" that violated the FDCPA. As explained herein, Defendant's motion for reconsideration is denied.

1

* * *

Reconsideration is improper unless a movant can point to "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

In this case, Defendant's argument for reconsideration is twofold: *First*, Defendant asserts that the "Court mistakenly ruled that consumers are not charged with considering collection letters as a group," and that Plaintiff should have known his debt balance was incurring "interest, costs and/or other fees" in light of "other" letters Defendant sent in the five years before the Notice at issue. *Second*, Defendant maintains that an unpublished decision, issued one week after the Order, provides "strong support for the fact that summary judgment should have been awarded to the Defendant." *See Watson v. Midland Credit Mgmt.*, 2019 WL 2527295 (June 19, 2019 E.D.N.Y.).

As to the first argument, Defendant cites no authority—and the Court has found none—supporting the proposition that the least sophisticated consumer is expected to decipher whether a debt will accrue interest or fees by "considering

2

collection letters as a group;" ostensibly by culling bits of information from each letter they received over the course of several years.  Nor does it follow, as Defendant argues, that the least sophisticated consumer is expected to divine whether a debt will accrue interest or fees *after* the date specified in the Notice (here, February 24, 2017) simply because Defendant sent "other" letters in the five years *before*: Whatever representations the "other" letters made (individually or "as a group") they certainly did not state if interest or fees would apply after February 24, 2017.

As to the second argument, Defendant ignores that *Watson* denied a debt collector's motion to dismiss because the collection notice at issue failed to state whether "Defendant might require the . . . imposition of interest and late payment fees on the debt."  2019 WL 2527295 at *6.  Indeed, *Watson* explained that if interest or other fees accrued—which Defendant admits was the case on Plaintiff's debt— "then Defendant would be in violation of Section 1692e given *Avila*'s requirement to disclose that interest and other fees *may* accrue on a debt."  *Id.*  (citing *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016)).

Finally, in sum and substance, Defendant raised both of these arguments in its briefing on the motion for summary judgment.[1]  The Court rejected the arguments then, and Defendant fails to identify any issue that the Court overlooked or an

---

[1] While *Watson* was issued a week after this Court's Order, the Second Circuit case on which *Watson* relies—*Avila v. Riexinger & Assocs., LLC*—was cited throughout the parties' summary judgment briefing.

intervening change in law that would warrant reconsideration now.  *Sequa Corp.*, 156 F.3d at 144.

* * *

For the reasons stated herein, Defendant's motion for reconsideration is denied.

**SO ORDERED**.


_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 6, 2020

4